FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2018 JUL 30 PM 1: 55

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LENWOOD C. AUSTIN, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-18-2225 |
| DR. MASON DUNHAM, | * | |
| Defendant | * | |

***

## MEMORANDUM

The above-captioned case was opened on July 20, 2018, upon receipt of a Complaint filed by Lenwood Austin, the self-represented plaintiff. ECF 1; ECF 1-1 (collectively, the "Complaint"). He alleges that Dr. Mason Dunham of Sinai Hospital in Baltimore used an excess amount of opioids and benzodiazepines during Austin's open-heart surgery in May 2017. ECF 1 at 2; ECF 1-1 at 3. According to Austin, as a result of Dunham's errors, he has suffered permanent damage in the form of "restricted lung disease." ECF 1-1 at 3. Although plaintiff does not label his Complaint as a civil rights action under 42 U.S.C. § 1983, he has used the generic form of a § 1983 Complaint. And, in a document attached to his Motion for Leave to Proceed In Forma Pauperis (ECF 2), he has referred to his Complaint as a "1983 lawsuit." *Id.* at 4.

The jurisdiction of the federal courts is limited. *See Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Therefore, "the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006). The burden of establishing subject matter jurisdiction rests on the party invoking the jurisdiction of the court. *See Hertz Corp. v. Friend*, 559 U.S. 77, 95 (2010); *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). There is no presumption

that jurisdiction is vested in federal court. *See United States v. Poole*, 531 F3d 263, 274 (4th Cir. 2008); *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999).

There are two primary means of invoking federal subject matter jurisdiction: diversity jurisdiction and federal question jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction exists where the parties are residents of different states and where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Austin is domiciled in Maryland, and it appears from the Complaint that Dunham is also a citizen of Maryland.[1] Thus, subject matter jurisdiction on the basis of diversity is not present from the face of the Complaint.

Federal question jurisdiction applies to "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To the extent Austin's action presents a claim under § 1983, federal question jurisdiction would be satisfied. But, it is not apparent that such a claim exists here. Rather, the Complaint alleges medical malpractice, which is a state law claim. However, Austin makes reference to "two other officers" being present at the hospital, ECF 1-1 at 3, suggesting that Austin may have been in custody during the relevant time period. If so, this could give rise to a § 1983 claim, depending upon the doctor's relationship with Austin's custodians.

Even assuming that Austin is alleging a § 1983 claim, and thus is able to establish federal question subject matter jurisdiction, further supplementation would be necessary to allege all of the elements of a § 1983 claim. Section § 1983 states:

> Every person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State* . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall

---

[1] Austin lists the address of the hospital where the surgery was performed as Dunham's address. ECF 1 at 1. It is possible that Dunham is, in fact, a resident of another state who works in Maryland. If this is true, the parties would be diverse.

be liable to the party injured in an action at law . . . .

*Id.* (emphasis added).

The requirement that the party causing the injury acted under color of state law means that the party must be acting as an agent of the State. *West v. Atkins*, 487 U.S. 42, 49 (1988) ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." (internal quotation marks omitted)). The most straight-forward example of this is one who is employed by the state and performing the duties of that employment, though this is not the exclusive means of acting under color of state law. As it presently stands, Austin's Complaint only alleges that a private doctor, not employed by or acting on behalf of the State, caused him injury.

In sum, Austin's Complaint is presently insufficient to proceed in federal court. Therefore, the Court will provide him with an opportunity to file an Amended Complaint. Austin's Amended Complaint must establish that this Court has subject matter jurisdiction, either based on diversity of citizenship of the parties or a federal question. If Austin opts for the latter and presents a § 1983 claim, he must also allege that Dunham was acting under color of state law at the time he allegedly caused Austin's injury.

An Order follows.

7/30/18
Date

Ellen L. Hollander
United States District Judge

3